JOHN H. RAMSEY and others

*v.*

RACHEL SMITH.

To reform a deed on the ground of mistake, it must be shown con-clusively that such mistake was mutual. Where the bill does not allege, nor the accompanying affidavits state, that the mistake was mutual, and the answer denies it, the deed cannot be rectified.

Bill for relief. On motion to dissolve injunction, on bill and answer and affidavits thereto respectively annexed.

*Mr. J. G. Shipman* and *Mr. J. N. Voorhees,* for the motion.

*Mr. John T. Bird, contra.*

THE CHANCELLOR.

The bill alleges that, in March, 1866, differences had arisen between the defendant and her husband, James J. Smith, in regard to their respective properties, and that, by an agreement then made between them, they, in considera-tion of a release by the wife of all interest in the property

of the husband, as well after his death as in his life-time, conveyed to the complainants, John H. Ramsey (her brother) and Peter Voorhees (her son-in-law), as trustees, all her property in trust, as therein declared, for the sole and separate use of the wife, and to be at her sole and separate disposal. It further states, that at the same time the complainants, to indemnify the husband and his estate from all claims and demands of dower, or distributive share in or to the real or personal estate of the husband after his death, gave to him their bond in the penalty of $3,000; that it was agreed between the parties that, in order to secure the complainants against loss by reason of such indemnity, the principal of the estate of the wife should be left in their hands until her death, if she should predecease her husband, or until it should appear, in case she should survive him, that she had relinquished all claim of dower or distributive share in or to his estate; that her property was accordingly delivered over to the complainants, and that the principal thereof has been retained by them ever since; that $2,000 of the principal was borrowed by the complainant Ramsey, with her consent, upon his promissory note given to his co-trustee Voorhees, payable to the order of the latter, which note was held by Voorhees accordingly up to 17th of February, 1879, when the defendant, through her attorney, demanded it of him with a view of collecting it; that he refused to deliver it up, and, on the same day on which the demand was made (but without the knowledge or consent of the defendant), took in substitution therefor a bond from Ramsey, payable to himself as trustee of the defendant, of the same amount, secured by a mortgage upon sufficient real estate, and delivered up the note to him, and that on the refusal of Voorhees to deliver up the note, on the demand of her attorney, the defendant, on or about the 21st of February, 1879, began an action of trover against Voorhees, in the Hunterdon circuit court, to recover damages in the premises. The bill alleges that the provision for leaving the principal of the estate of the defendant to remain in the

Ramsey *v.* Smith.

hands of the complainants for their indemnity, was omitted from the deed by mistake, and it prays that the deed may be reformed in that respect by the insertion of apt words for the purpose, and that the defendant may be restrained from prosecuting the action at law. On the filing of the bill, an injunction was granted. The defendant has answered the bill, and now moves to dissolve the injunction. The equity of the bill is based on an alleged agreement on the part of Mrs. Smith to leave the principal of her property in the hands of the trustees for their indemnity against liability under their bond to her husband, in consideration of which agreement the trustees gave the bond, and without which they say they would not have given it.

The bill prays that the deed from Mrs. Smith and her husband to the trustees may be rectified by the insertion therein of such a provision. The claim to that relief is based on the allegation that the provision was omitted from the deed by mistake. The bill does not state that the omission was by the mutual mistake of the parties, but that such was the understanding, and that it was communicated to the lawyer by whom the deed was drawn, who, through mistake, omitted it. The affidavit annexed to the bill is to the same effect. Unless the omission was by mutual mistake the deed will not be reformed by inserting the provision. The defendant swears that there was no such understanding or agreement, and that there was no mistake; that the deed was, when it was executed, regarded by the parties as so exactly expressing their intention that a conveyance of the property from the trustees to Mrs. Smith, which had been prepared by the lawyer to be executed simultaneously with the deed, was not executed because it was deemed unnecessary. The complainants, it is true, in their affidavit annexed to the bill, swear to the existence of the agreement, and that the provision embodying it was omitted by mistake from the deed; but, as before mentioned, they do not swear that the omission was through mutual mistake. It is worthy of remark that their bill is not fortified by the affidavit of the

Ramsey v. Smith.

lawyer who drew the deed. His affidavit, however, to the contrary, denying that there was any such agreement, and, of course, that there was any mistake, is appended to the answer. He resides and practices his profession in the county of Hunterdon, the same county in which the complainants reside. His affidavit, attached to the answer, can not be considered on this motion, the bill being verified by the affidavit of the complainants alone. *Merwin* v. *Smith, 1 Gr. Ch. 182; Gariss* v. *Gariss, 2 Beas. 320; Mulock* v. *Mulock, 11 C. E. Gr. 461.*

The absence of his affidavit in verification of the bill is, however, noteworthy. On the affidavits of the parties, and the statements in their respective pleadings, the case stands thus: The existence of the agreement is affirmed by the complainants and as positively denied by the defendants; neither the bill nor the affidavit attached to it states that the 'alleged mistake was mutual; the defendant denies that there was any mistake. One who seeks to rectify an instrument on the ground of mistake must be able to prove not only that there has been a mistake, but must be able to show exactly the form to which the deed ought to be brought in order that it can be set right according to what was really intended by the parties, and must be able to establish, in the clearest and most satisfactory manner, that the alleged intention of the parties to which he desires to make it conformable, continued concurrently in the minds of all parties down to the time of its execution. *Kerr on F. & M. (Am. ed.) 421.*

It is not enough to show that the alleged omission was contrary to the intention of the complainants; it must also be shown incontrovertibly that it was contrary to the intention of both parties. *Thompsonville Scale Manufacturing Co.* v. *Osgood, 26 Conn. 16; Nevius* v. *Dunlap, 33 N. Y. 676; Kerr on F. & M. (Am. ed.) 409.*

On the case, then, as made by the bill, no decree of rectification would be made, because it is not averred that the alleged mistake was mutual. But the complainants insist

that the relief sought by the bill ought to be granted on the ground of the existence of the agreement itself, irrespective of the prayer for reformation. It is enough to say on this point that the existence of the agreement is positively denied by the defendant, and the deed must be presumed to contain the entire agreement and understanding of the parties.

The injunction will be dissolved, with costs.